IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 18-590 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VLADIMIR GOROKHOVSKY, ) | |
| LARISSA OCHERETNER, ) | |
| GOROKHOVSKY IMPORTS AND ) | |
| INVESTMENT GROUP (G.I.I.G.), LLC, ) | |
| a Wisconsin Limited Liability Company, ) | |
| WELLS FARGO BANK, NA, ) | |
| OFFICE OF LAWYER REGULATION, ) | |
| LEONARD J. KUTCHERA, ) | |
| STATE OF WISCONSIN, and ) | |
| GUTHRIE & FREY WATER ) | |
| CONDITIONING, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff United States of America makes the following allegations for its complaint against defendants.

1. The United States brings suit to: (1) obtain a judgment enforcing its federal tax liens against two real properties, which are located at 10919 N. Hedgewood Lane, in Mequon, WI, and 4275 W. Cherrywood Lane, in Brown Deer, WI, and which are further described herein; (2) obtain an order authorizing the sale of the properties; and (3) have the proceeds from the sale of the properties distributed in amounts and priority determined by the Court.

**Jurisdiction and Venue**

2. This action is commenced at the request of and has been authorized by a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because this is the district where defendant Vladimir Gorokhovsky resides, where the liabilities for the taxes at issue accrued, and where the properties at issue are located.

**Parties**

5. Plaintiff is the United States of America.

6. Defendant Vladimir Gorokhovsky, whose federal income tax liabilities form the basis for the federal tax liens which are the subject of this action, resides in Ozaukee County, Wisconsin, within this judicial district. He is named in Counts I and II of this complaint.

7. Defendant Larissa Ocheretner is named as a defendant to Count I of this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the property at issue.

8. Defendant Wells Fargo Bank, NA, is named as a defendant to Count I of this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

9. Defendant Office of Lawyer Regulation is named as a defendant to Counts I and II of this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the properties at issue.

10. Defendant Leonard J. Kutchera is named as a defendant to Count I of this action pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the property at issue.

11. Defendant State of Wisconsin is named as a defendant to Counts I and II of this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

12. Defendant Guthrie & Frey Water Conditioning, LLC, is named as a defendant to Count I of this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

13. Defendant Gorokhovksy Imports and Investment Group (G.I.I.G.), LLC (referred to herein as "G.I.&I.G.") is a Wisconsin limited liability company that was administratively dissolved in 2014. Gorokhovsky is listed as G.I.&I.G.'s registered agent. G.I.&I.G. is named as a defendant to Count II of this action pursuant to 26 U.S.C. § 7403(b) because the property at issue is titled in its name.

**The Federal Tax Liens Arising From Vladimir Gorokhovsky's Federal Tax Debts**

14. On the dates and for the years set forth below, a delegate of the Secretary of the Treasury made assessments against defendant Vladimir Gorokhovsky for federal income taxes, interest, and penalties. The balance due on these assessments, including interest and statutory additions as of April 11, 2018, is set forth below.

| Tax Year | Assessment Dates | Amounts Due as of April 11, 2018 |
|---|---|---|
| 2003 | 2/6/2013 | $1,043.18 |
| 2004 | 2/6/2013 | $42,332.23 |
| 2006 | 11/29/2013 | $86,800.47 |
| 2007 | 11/29/2013 | $120,531.82 |
| 2008 | 11/29/2013 | $77,928.24 |
| 2010 | 11/28/2011 & 8/18/2014 | $37,760.11 |
| 2011 | 11/12/2012 & 8/18/2014 | $24,064.60 |
| 2012 | 11/18/2013 | $2,264.95 |

| 2013 | 11/24/2014 & 3/6/2017 | $53,452.73 |
| 2014 | 11/9/2015 & 3/6/2017 | $20,015.46 |
| 2015 | 11/21/2016 | $3,313.68 |
| 2016 | 11/20/2017 | $3,669.54 |
| | **Total:** | **$473,177.01** |

15. Interest and statutory additions on the liabilities referenced in paragraph 14 above will continue to accrue until the liabilities are paid in full.

16. Notices of the assessments referred to in paragraph 14 above and demands for payment thereof were sent to Gorokhovsky by the Internal Revenue Service on or about the dates of the assessments.

17. Despite notices and demands for payment of the assessments referred to in paragraph 14, Gorokhovsky has failed to fully pay the amounts owed by him.

18. Based on the assessments described in paragraph 14 above, and pursuant to 26 U.S.C. §§ 6321 and 6322, after notice and demand, and Gorokhovsky's failure to pay, federal tax liens arose as of the dates of assessments in the amount of the assessments, plus all additions accruing thereon under law, including penalties and interest. The tax liens attached to all property and rights to property that Gorokhovsky then owned or thereafter acquired. *See* 26 U.S.C. § 6321, 6322.

**Gorokhovsky's Pending Bankruptcy Case**

19. On September 8, 2017, Gorokhovsky filed a chapter 7 voluntary bankruptcy petition with the U.S. Bankruptcy Court for the Eastern District of Wisconsin. *See* Voluntary Pet., *In re Gorokhovsky*, ECF No. 1, Bankr. No. 17-28901.

20. On the schedules filed in support of his bankruptcy petition, Gorokhovsky admitted that he owned the two real properties at issue in this suit in fee simple. *See* Summ. of

Assets and Liabilities, etc. ECF No. 10 at 3-4 (filed Sept. 17, 2017) and Am. Schedule A/B, ECF No. 31-1 at 3-4 (filed Feb. 6, 2018), *In re Gorokhovsky*, Bankr. No. 17-28901.

21. On February 13, 2018, the United States filed a motion with the bankruptcy court to lift the automatic stay to allow the United States to file notices of federal tax liens against Gorokhovsky and to pursue *in rem* collection against the real properties listed on his bankruptcy schedules. *See* Mot. for Relief from Stay as to Debtor's Real Properties, ECF No. 33, *In re Gorokhovsky*, Bankr. No. 17-28901.

22. On March 14, 2018, the bankruptcy court granted the United States' motion and modified the bankruptcy stay of 11 U.S.C. § 362 to permit the United States to exercise its rights and remedies with respect to Gorokhovsky's real properties, including authorizing the United States to exercise its right to file notices of federal tax liens against Gorokhovsky and against nominees holding title to his real properties, and to pursue *in rem* collection of Gorokhovsky's real properties by filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403. *See* Ct. Mins. and Order from 3/14/2017 Hr'g Granting Mot. for Relief From Automatic Stay, ECF No. 48, *In re Gorokhovsky*, Bankr. No. 17-28901.The court further ordered that its order modifying the bankruptcy stay was effective immediately. A copy of the court's ruling is attached as Exhibit A to this complaint.

23. On March 19, 2018, the bankruptcy court issued a memorandum opinion supplementing its earlier ruling. *See* Mem. Decision on the U.S.' Mot. for Relief from Stay, ECF No. 51, *In re Gorokhovsky*, Bankr. No. 17-28901.

5

Case 2:18-cv-00590-WED   Filed 04/16/18   Page 5 of 13   Document 1

# COUNT I: ENFORCE FEDERAL TAX LIENS AGAINST PROPERTY LOCATED IN OZAUKEE COUNTY, WISCONSIN

## 26 U.S.C. § 7403

24. The United States incorporates by reference paragraphs 1 through 23 set forth above.

25. By warranty deed dated July 28, 2005, title to the first real property at issue in this suit was placed in the name of defendant Larissa Ocheretner. The property is located at 10919 N. Hedgewood Lane, Mequon, WI ("the Mequon Property") and has a legal description as follows.

> Lot 16, of Block 5, in Scenic Heights Plat No. 1, located in the Northwest 1/4 of Section 25 in Township 9 North, Range 21 East, in the City of Mequon, Ozaukee County, Wisconsin.

26. Using entities that he controlled, Gorokhovksy loaned or caused funds to be loaned to Ocheretner for the down payment for the purchase of the Mequon Property.

27. Following the purchase of the Mequon Property, all expenses including mortgage, utility, maintenance, repairs and improvements were paid by an entity for which Gorokhovsky served as the managing member. Gorokhovsky resided at the Mequon Property and enjoyed the beneficial use thereof.

28. In or around August 2004, the IRS began examining Gorokhovsky's federal income tax return for the 2003 tax year.

29. Gorokhovsky and Ocheretner were married in or around November 2005 and were divorced in or around February 2011.

30. As part of the division of property attendant to their divorce, Gorokhovsky was awarded all right, title and interest in the Mequon Property. The marital settlement agreement provided that Gorokhovsky "shall prepare quit-claim deeds for [Ocheretner] to execute transferring the property" to Gorokhovsky or his designee.

31. Despite the division of property ordered pursuant to the divorce case referenced above, Gorokhovsky has left title to the Mequon Property in Ocheretner's name.

32. On September 13, 2017, Gorokhovsky filed bankruptcy schedules in connection with his voluntary Chapter 7 bankruptcy petition, providing information about his assets and liabilities. *See* Summ. of Assets and Liabilities, etc. ECF No. 10, *In re Gorokhovsky*, Bankr. No. 17-28901.

33. Gorokhovksy amended his bankruptcy schedules on February 6, 2018. *See* Am. Schedule A/B, ECF No. 31-1 at 3-4, *In re Gorokhovsky*, Bankr. No. 17-28901.

34. On both his original and amended schedules, Gorokhovsky listed the Mequon Property as a property he owns or in which he has a legal or equitable interest. On his amended schedules, Gorokhovksy stated that he owns the Mequon Property in fee simple. Gorokhovsky signed both his original and amended schedules under penalty of perjury. *See* Summ. of Assets and Liabilities, etc. ECF No. 10 at 3 (filed Sept. 17, 2017) and Am. Schedule A/B, ECF No. 31-1 at 3 (filed Feb. 6, 2018), *In re Gorokhovsky*, Bankr. No. 17-28901.

35. Gorokhovsky exercises dominion and control over the Mequon Property.

36. Gorokhovksy is the true equitable or beneficial owner of the Mequon Property. Ocheretner holds bare legal title to the Mequon Property as Gorokhovsky's nominee.

37. As of the dates of assessments listed in paragraph 14, the federal tax liens described in paragraph 18 attached to Gorokhovsky's interest in the Mequon Property.

38. The United States' federal tax liens attach to the Mequon Property because Gorokhovsky is the equitable or beneficial owner of the property.

39. The IRS recorded notices of the federal tax liens with the Ozaukee County Register of Deeds on the following dates: September 26, 2014, as recording number 1007760; May 1, 2017, as recording number 1048916; and March 15, 2018, as recording number 1061811.

40. On March 15, 2018, the IRS filed notices of the federal tax liens with recording numbers 1061812 and 1061813 with the Ozaukee County Register of Deeds. These notices name Ocheretner as Gorokhovsky's nominee and reference the Mequon Property.

41. Because of the foregoing, the United States' federal tax liens should be enforced against the Mequon Property through a court-ordered sale of the property.

WHEREFORE, the United States requests that the Court enter judgment in favor of the United States on Count I as follows:

a) Declaring that the United States has valid and subsisting federal tax liens for the liabilities described herein against all property and rights to property of Vladimir Gorokhovsky as of the date of the assessments made against him;

b) Declaring and adjudging that Gorokhovsky is the true beneficial owner of the Mequon Property and the federal tax liens attached to Gorokhovsky's interest in the Mequon Property;

c) Declaring that Ocheretner holds bare legal title to the Mequon Property as Gorokhovsky's nominee;

d) Ordering that any defendant claiming an interest in the Mequon Property affirmatively demonstrate that interest;

e) Adjudicating the parties' interest(s) in the Mequon Property;

f) Ordering that the federal tax liens be enforced against the Mequon Property, that any persons occupying the Mequon Property leave and vacate the Property, and that the Mequon Property be sold at a public sale;

g) Ordering that the Mequon Property be sold free and clear of all liens, claims, and interests of the parties to this action, and awarding the proceeds of the sale as follows: (i) first, to the United States for administrative costs of the sale; (ii) second, awarding the balance in accordance with the Court's determination of the parties' interests in the property; and

h) Granting the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper and just.

**COUNT II: ENFORCE FEDERAL TAX LIENS AGAINST PROPERTY LOCATED IN MILWAUKEE COUNTY, WISCONSIN
26 U.S.C. § 7403**

42. The United States incorporates by reference paragraphs 1 through 23 set forth above.

43. By deed dated October 7, 1997, Gorokhovsky acquired the second real property at issue in this suit, located at 4275 W. Cherrywood Lane, Brown Deer, WI ("the Brown Deer Property") by warranty deed and had it titled in his name. The Brown Deer Property has a legal description as follows.

> Unit No. 4275, in Building 102, together with said unit's respective undivided interest in the common elements and limited common elements appurtenant thereto, in Cherrywood Village Condominium, a condominium created and existing under and by virtue of the Condominium Ownership Act of the State of Wisconsin and by Declaration of Condominium dated October 20, 1980 and recorded in the Office of the Register of Deeds for Milwaukee County, Wisconsin on October 20, 1980, Reel 1331, Images 1641 to 1679, inclusive, as Document No. 5433943; and Amendment to Declaration of Condominium for Cherrywood Village Condominium dated October 24, 1980 and recorded in said Register's

Office on October 28, 1980, Reel 1333, Images 1542 to 1555, incl. as Document No. 5435673, and any further amendments. Incorporated herein by this reference thereto is the real estate described in and subject to said Declaration, which is located in the Village of Brown Deer, County of Milwaukee, State of Wisconsin. The Post Office address of said Unit is 4275 West Cherrywood Lane, Brown Deer, Wisconsin.

44. In or around August 2004, the IRS began examining Gorokhovsky's federal income tax return for the 2003 tax year.

45. In August 2004, Gorokhovsky Imports and Investment Group (G.I.I.G.), LLC (referred to herein as "G.I.&I.G.") was registered as a domestic limited liability company with the State of Wisconsin. Gorokhovsky is listed as the registered agent for G.I.&I.G.

46. On May 3, 2005, Gorokhovsky transferred title to the Brown Deer Property by quitclaim deed to G.I.&I.G.

47. Gorokhovsky and Ocheretner were married in or around November 2005 and were divorced in or around February 2011.

48. As part of the division of property attendant to their divorce, Gorokhovsky personally was awarded all right, title and interest in the Brown Deer Property.

49. G.I.&I.G. was administratively dissolved in or around September 2014.

50. Since at least the 2016 tax year, Milwaukee County property tax records list Gorokhovsky as the owner and the billing contact for the Brown Deer Property.

51. On September 13, 2017, Gorokhovsky filed bankruptcy schedules in connection with his voluntary Chapter 7 bankruptcy petition, providing information about his assets and liabilities. *See* Summ. of Assets and Liabilities, etc. ECF No. 10, *In re Gorokhovsky*, Bankr. No. 17-28901.

52. Gorokhovksy amended his bankruptcy schedules on February 6, 2018. *See* Am. Schedule A/B, ECF No. 31-1, *In re Gorokhovsky*, Bankr. No. 17-28901.

53. On both his original and amended schedules, Gorokhovsky listed the Brown Deer Property as a property he owns or in which he has a legal or equitable interest. On his amended schedules, Gorokhovksy admits he owns the Brown Deer Property in fee simple. Gorokhovsky signed both his original and amended schedules under penalty of perjury. *See* Summ. of Assets and Liabilities, et al., ECF No. 10 at 4 (filed Sept. 17, 2017) and Am. Schedule A/B, ECF No. 31-1 at 4 (filed Feb. 6, 2018), *In re Gorokhovsky*, Bankr. No. 17-28901.

54. Gorokhovsky exercises dominion and control over the Brown Deer Property.

55. Gorokhovksy is the true equitable or beneficial owner of the Brown Deer Property. G.I.&I.G. holds bare legal title to the Brown Deer Property as Gorokhovsky's nominee.

56. Gorokhovsky placed and has left title to the Brown Deer Property in G.I.&I.G.'s name.

57. As of the dates of assessments listed in paragraph 14, the federal tax liens described in paragraph 18 attached to Gorokhovsky's interest in the Brown Deer Property.

58. The United States' federal tax liens attach to the Brown Deer Property because Gorokhovsky is the equitable or beneficial owner of the property.

59. On March 16, 2018, the IRS filed notices of the federal tax liens against Gorokhovsky's property, and notices of the federal tax liens against Gorokhovsky's property naming G.I.&I.G., LLC, as Gorokhovsky's nominee, with the Milwaukee County Register of Deeds, with recording numbers 10759637, 10759638, and 10759639.

60. Because of the foregoing, the United States' federal tax liens should be enforced against the Brown Deer Property through a court-ordered sale of the property.

WHEREFORE, the United States requests that the Court enter judgment in favor of the United States on Count II as follows:

a) Declaring that the United States has valid and subsisting federal tax liens for the liabilities described herein against all property and rights to property of Vladimir Gorokhovsky as of the date of the assessments made against him;

b) Declaring and adjudging that Gorokhovsky is the true beneficial owner of the Brown Deer Property and the federal tax liens attached to Gorokhovsky's interest in the Brown Deer Property;

c) Declaring that G.I.&I.G. holds bare legal title to the Brown Deer Property as Gorokhovsky's nominee;

d) Ordering that any defendant claiming an interest in the Brown Deer Property affirmatively demonstrate that interest;

e) Adjudicating the parties' interest(s) in the Brown Deer Property;

f) Ordering that the federal tax liens be enforced against the Brown Deer Property, that any persons occupying the Brown Deer Property leave and vacate the property, and that the Brown Deer Property be sold at a public sale;

g) Ordering that the Brown Deer Property be sold free and clear of all liens, claims, and interests of the parties to this action, and awarding the proceeds of the sale as follows: (i) first, to the United States for administrative costs of the sale; (ii) second, awarding the balance in accordance with the Court's determination of the parties' interests in the property; and

h) Granting the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper and just.

DATED: April 16, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Erin Lindgren*
ERIN LINDGREN
MN Bar No. 0392617
*Attorney for the United States*
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-353-0013 (v)
202-514-6770 (f)
Erin.Lindgren@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN
<u>Court Minutes and Order</u>

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | March 14, 2018 |
| JUDGE: | Beth E. Hanan |
| CASE NO.: | 17-28901-beh |
| DEBTOR: | Vladimir M. Gorokhovsky |
| NATURE OF HEARING: | United States' motion for relief from stay |
| APPEARANCES: | Erin Lindgren, for the United States |
| | Vladimir M. Gorokhovsky, debtor *pro se* (appeared one hour late) |
| COURTROOM DEPUTY: | Betsy Skibicki |
| LAW CLERK: | Meaghan Burnett |

On March 14, 2018, the court held a hearing on the United States' motion for relief from the automatic stay to allow the United States to (1) file notices of federal tax liens against the debtor, and against nominees holding title to the debtor's property, and (2) allow the United States to pursue *in rem* collection of the debtor's real property by taking any legal action, including filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403. The United States filed its motion on February 13, 2018, so the court held the hearing on the 29th day after the filing.[1]

The United States' motion concerns three real properties in which the debtor holds an interest (collectively, the "Properties"):

1. 10919 N. Hedgewood Lane, Mequon, WI 53092, located in Ozaukee County, Wisconsin, and titled in the name of the debtor's ex-wife;

2. 451 Huron Street #1402, Chicago, IL 60654, located in Cook County, Illinois, and titled in the name of the debtor's ex-wife; and

3. 4275 W. Cherrywood Lane, Milwaukee, WI 53209, located in Milwaukee County, Wisconsin, and titled in the name of a defunct LLC owned by the debtor.

---

[1] Under 11 U.S.C. section 362(e)(1), the court must hold a hearing or rule on a motion for relief from stay of any act against property of the estate within 30 days, otherwise the stay will terminate as a matter of law. On the morning of the hearing, the chapter 7 trustee filed a statement of abandonment, abandoning the real properties at issue—which removed them from the estate and rendered them property of the debtor. As a result, there is an argument that section 362(e)(1) did not require the court to continue the stay within 30 days, to prevent its automatic lapse. *Compare* 11 U.S.C. §§ 362(e)(1) and (e)(2). Nevertheless, the court found no reason to delay ruling on the motion, despite the debtor's belated appearance at the hearing, because a full consideration of the circumstances warranted a prompt ruling at the previously-noticed hearing time.

**Exhibit A**

The court asked Attorney Lingdren to respond to a number of arguments in the debtor's written objection to the motion. Mr. Gorokhovsky made a late appearance at the hearing, even though the court delayed the scheduled start time by 15 minutes and chambers staff tried to reach the debtor by phone.

After considering the written submissions, as well as the statements at the hearing and the record as a whole, the court issued an oral ruling granting the United States' motion. An audio recording of the hearing is available on the docket. The court reserves its right to issue a full memorandum decision in support of its oral ruling.

For the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the stay of 11 U.S.C. § 362 is modified to permit the United States to exercise its rights and remedies with respect to the Properties under applicable nonbankruptcy law, including its right to file notices of federal tax liens against the debtor, and against nominees holding title to the Properties, and further to pursue *in rem* collection of the Properties by filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403.

IT IS FURTHER ORDERED that this Order is effective immediately and is not stayed for 14 days pursuant to Bankruptcy Rule 4001(a)(3).

It is so ordered.

Dated: March 14, 2018

By the Court:

Beth E. Hanan
United States Bankruptcy Judge

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☐ Milwaukee Division

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 2:18-cv-00590-WED Filed 04/16/18 Page 1 of 2 Document 1-2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use
  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.