UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 18-cv-590-pp

VLADIMIR M. GOROKHOVKSY,
LARISSA OCHERETNER,
GOROKHOVSKY IMPORTS AND
INVESTMENT GROUP (G.I.I.G.), LLC,
WELLS FARGO BANK, NA;
OFFICE OF LAWYER REGULATION,
LEONDARD J. KUTCHERA, STATE OF WISCONSIN,
and GUTHRIE & FREY WATER CONDITIONING, LLC,

        Defendants.

---

**ORDER APPROVING STIPULATION BETWEEN THE PLAINTIFF
AND WELLS FARGO BANK, NA (DKT. NO. 30)**

---

On August 6, 2018, the plaintiff and defendant Wells Fargo Bank, NA filed a stipulation in which they agreed that Wells Fargo's mortgage on the property at issue in Count I of the United States' complaint has priority over the United States' federal income tax liens on the property and that Wells Fargo does not object to the relief sought by the United States in its complaint. The Court **APPROVES** the stipulation between the United States and Wells Fargo, and **ORDERS:**

    1. The United States and Wells Fargo agree that Wells Fargo has an interest in the real property at issue in Count I of the United States'

complaint ("the Mequon property"), which is located at 10919 N. Hedgewood Lane, Mequon, WI and is more particularly described as: Lot 16, of Block 5, in Scenic Heights Plat No. 1, located in the Northwest 1/4 of Section 25 in Township 9 North, Range 21 East, in the City of Mequon, Ozaukee County, Wisconsin.

2. Wells Fargo's interest arises from a July 28, 2005 mortgage on the real property granted by defendant Larissa Ocheretner to World Savings Bank. Notice of the mortgage was filed on August 16, 2005, with the Ozaukee County Register of Deeds as document number 0824244. Wells Fargo is a successor in interest to World Savings Bank.

3. Wells Fargo's interest in the Mequon property has priority over the United States' federal tax liens. *See* 26 U.S.C. § 6323(a). Any final order or judgment entered in this case shall reflect this priority.

4. If this Court awards judgment to the United States and authorizes the United States to enforce its federal tax liens on the Mequon property, a portion of the proceeds of any sale, after paying the costs of sale and any other court-authorized priority expenses, will be distributed to Wells Fargo to satisfy its unpaid mortgage interest before distribution is made to the United States.

5. Wells Fargo reserves the right to contest the priority payment of sale costs if Wells Fargo is not to be paid in full from the sale proceeds.

6. If an order of sale of the Mequon property is entered by the Court, the United States will contact Wells Fargo, through its attorney, to obtain an updated outstanding balance for the mortgage. Wells Fargo shall provide such information by declaration or affidavit and within ten business days after its attorney receives the United States' request.

7. The United States and Wells Fargo shall not recover from each other their own costs and expenses, including attorney's fees, in connection with this proceeding. To the extent Wells Fargo has incurred and not recovered its costs and expenses, including attorney's fees, in connection with this proceeding, such amounts will be treated according to the terms of the mortgage. In particular, Wells Fargo may receive a disbursement from any sale proceeds in this case for the reasonable expenses, including reasonable compensation for attorneys, that Wells Fargo actually incurs in collecting or enforcing the mortgage obligation. *See* 26 U.S.C. § 6323(e)(3). The United States reserves the right to contest the reasonableness of attorney's fees that Wells Fargo incurs in connection with this proceeding.

Dated in Milwaukee, Wisconsin this 26th day of October, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**