UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                                   Case No. 18-cv-590-pp

VLADIMIR M. GOROKHOVSKY, *et al.*,

              Defendants.

---

**ORDER CONSTRUING RESPONSE TO ORDER TO SHOW CAUSE AS MOTION TO WITHDRAW (DKT. NO. 57), GRANTING MOTION TO WITHDRAW (DKT. NO. 57), GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO OFFICE OF LAWYER REGULATION AND LEONARD J. KUTCHERA (DKT. NO. 45) AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO GUTHRIE & FREY WATER CONDITIONING, LLC (DKT. NO. 45)**

---

On July 19, 2018, counsel for defendant Larissa Ocheretner filed a document titled "Stipulation and Consent for Withdrawal of Attorney." Dkt. No. 25. The motion bore the caption and case number of a Chapter 7 bankruptcy proceeding; the body of the motion indicated that the defendant stipulated to the withdrawal. Id. Because it wasn't clear whether the defendant had agreed to counsel's withdrawal in this district court case, Judge Duffin denied the motion without prejudice. Dkt. No. 26. He explained that if the defendant wished to move forward without counsel in *this* case, she could refile the motion with the appropriate caption. Id. at 2. The defendant did not file a second motion to withdraw prior to the February 20, 2019 scheduling conference, and the attorney who had filed the July 2018 stipulation of withdrawal did not appear at the conference. Dkt. No. 49.

1

This court issued an order, requiring that attorney to show cause why the court should not require him to appear in person and explain why he had not withdrawn from representing the defendant in the district court case. Dkt. No. 48. On March 19, 2019, the court received counsel's response to the order to show cause. Dkt. No. 57. He explained that in July 2018, he had begun a new job with the State Public Defender; at that time, he'd represented defendant Ocheretner both in an adversary proceeding in bankruptcy court and in this case. Id. at 1. He indicated that after he accepted the job with the public defender, he'd contacted defendant Ocheretner and told her she'd need to find a new lawyer in both cases. Id. Counsel had the defendant execute the stipulation for the bankruptcy proceeding; he says he assumed he'd also drafted a stipulation for this case, but that he accidentally filed the bankruptcy stipulation in this case. Id. He says that he had multiple conversations with the defendant—in person and on the phone—in which he told her that she needed to find a new lawyer both in the bankruptcy proceeding and in this case. Id. In fact, he made referrals to the defendant for lawyers in both cases. Id. at 1-2. After counsel learned about the order to show cause, he contacted defendant Ocheretner, who indicated that she had talked with the lawyers counsel had identified for her, but that she had not retained them. Id. at 2. Counsel concluded by providing the court with defendant Ocheretner's current contact information. Id.

The court accepts counsel's explanation, concludes that he has discharged the order to show cause, construes his response as a motion to

withdraw, and will grant that motion. That means that until some other lawyer files a notice of appearance on behalf of defendant Ocheretner, she is representing herself. While the court understands that defendant Ocheretner may not have legal training or understand the legal process, she is nonetheless responsible for appearing at court hearings and following the court's rules and the federal rules.

Meanwhile, the plaintiff has filed a motion for default judgment as to the Office of Lawyer Regulation, Leonard Kutchera and Guthrie & Frey Water Conditioning, LLC, asking the court to issue an order finding that none of these defendants have any rights, claims or interest in "the real property subject of the United States' amended complaint in the above-captioned litigation or the proceeds from any sale of the real property." Dkt. No. 45. The Office of Lawyer Regulation executed a waiver of service on May 7, 2018. Dkt. No. 12. The plaintiff filed a return of service indicating that on June 14, 2018, a process server left the summons and complaint with office manager Jean Klemmons of Guthrie & Frey. Dkt. No. 20. Finally, the plaintiff filed a return of service indicating that the process server served defendant Kutchera personally on July 3, 2018. Dkt. No. 21. To date, none of the defendants have responded to the complaint, and none have asserted any right or interest in the properties listed in the complaint. The clerk of court entered default against the Officer of Lawyer Regulation on June 27, 2018, against Guthrie & Frey on August 1, 2018 and against Kutchera on August 10, 2018.

The court will grant the plaintiff's motion for default judgment as to defendants OLR and Kutchera.[1] But the court cannot determine whether the plaintiff properly served defendant Guthrie & Frey. The Wisconsin Department of Financial Institutions' web site indicates that the registered agent for Guthrie & Frey is Robert K. Frey, 1125 Richards Road in Hartland, Wisconsin. https://www.wdfi.org. Guthrie & Frey's web site says that "Rob Frey" and his wife Susan Frey run the company. https://www.guthriefreywater.com. The court has no way of knowing whether service on office manager Jean Klemmons constitutes service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Fed. R. Civ. P. 4(h)(1)(B).

The court **FINDS** that Attorney Kyle Jesinski has discharged the court's order to show cause.

The court **CONSTRUES** Attorney Jesinski's response to the order to show cause as a motion to withdraw from representing defendant Ocheretner. Dkt.

---

[1] The court notes that the government served the original complaint, filed on April 16, 2018, on defendants OLR and Kutchera. On February 20, 2019—*after* the clerk entered default—the government filed an amended complaint. Dkt. No. 53. The amended complaint did not change any of the facts alleged in the original complaint; it was different from the original only in that it sought to reduce the tax debt against defendant Vladimir Gorokhovsky to a judgment, something that the government could not have sought prior to the dismissal of Gorokhovsky's adversary proceeding contesting the non-dischargeability of the debt. See Dkt. No. 49 at 1. The court does not know whether the government has served these two defendants with the amended complaint, and technically that amended complaint supersedes the original complaint that these defendants failed to answer. But the fact remains that a year after the government served them with the original complaint, these two defendants have not asserted any claim or interest in the properties referenced in the complaint and the amended complaint.

No. 57. The court **GRANTS** Attorney Jesinki's motion to withdraw from representation of defendant Ocheretner. Dkt. No. 57.

The court **ORDERS** the clerk's office to remove Attorney Jesinski as counsel of record for defendant Ocheretner, and to add the contact information for Ocheretner to the docket as provided on page 2 of Attorney Jesinski's response to the order to show cause. Id.

The **GRANTS** the plaintiff's motion for default judgment as to the Office of Lawyer Regulation and Leonard J. Kutchera. Dkt. No. 45. The court **ORDERS** that defendants Office of Lawyer Regulation and Leonard Kutchera have no rights, claims, or interests in the real properties identified in the original and the amended complaints, specifically 10919 N. Hedgewood Lane, Mequon, Wisconsin, and 4275 W. Cherrywood Lane, Brown Deer, Wisconsin, or the proceeds from any sale of those properties.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment as to defendant Guthrie & Frey.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
