UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

Case No. 18-cv-590-pp

VLADIMIR M. GOROKHOVSKY,
LARISSA OCHERETNER,
GOROKHOVSY IMPORTS AND INVESTMENT GROUP LLC,
WELLS FARGO BANK NA,
STATE OF WISCONSIN, and
GUTHRIE & FREY WATER CONDITIONING LLC,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT OCHERENTNER'S ANSWER AND ENTER DEFAULT JUDGMENT (DKT. NO. 78) AND GRANTING PLAINTIFF'S ALTERNATIVE MOTION TO COMPEL OCHERENTER'S DISCOVERY RESPONSES (DKT. NO. 78), GRANTING JOINT MOTION FOR JUDGMENT (DKT. NO. 82), GRANTING SECOND MOTION FOR DEFAULT JUDGMENT AS TO GUTHRIE & FREY (DKT. NO. 83), GRANTING PLAINTIFF'S MOTION FOR REFERRAL OF PENDING DISCOVERY MOTIONS AND FUTURE NONDISPOSITIVE PRETRIAL MATTERS TO MAGISTRATE JUDGE (DKT. NO. 75) AND DENYING AS MOOT DEFENDANT GOROKHVOSKY'S MOTION FOR PROTECTIVE ORDER (DKT. NO. 69)**

The plaintiff filed this case to reduce to judgment federal income tax assessments against defendant Vladimir Gorokhovsky and to enforce its federal tax liens against two real properties located in Mequon and Brown Deer. Dkt. No. 1. Wells Fargo Bank, Larissa Ocheretner, Vladimir M. Gorokhovsky and Gorokhovsky Imports and Investment Group LLC filed answers. Dkt. Nos. 7, 16, 24. This court granted default judgment as to the Office of Lawyer Regulation and Leonard J. Kutchera, denied without prejudice the motion for

1

default judgment as to Guthrie & Frey, and granted Attorney Kyle Jesinki's motion to withdraw from his representation of Ocheretner. Dkt. No. 65. After the plaintiff moved to compel, dkt. no. 66, and defendant Gorokhovsky filed a motion (and an amended motion) for a protective order, dkt. nos. 69, 74, the plaintiff asked the court to refer all discovery and non-dispositive motions to a magistrate judge, dkt. no. 75. The plaintiff also has filed a motion to strike Ocheretner's answer (or alternatively compel), dkt. no. 78, a joint motion for consent judgment with the Wisconsin Department of Revenue, dkt. no. 82, and a second motion for default against Guthrie & Frey, dkt. no. 83. This order addresses potentially dispositive issues and refers the case to a magistrate judge to handle the two pending discovery motions and future nondispositive pretrial motions.

I. **Plaintiff's Motion to Strike Defendant Larissa Ocheretner's Answer and Enter Default Judgment Pursuant to Rule 37(d), or in the Alternative, Compel Ocheretner's Discovery Responses (Dkt. No. 78)**

On September 12, 2019, the plaintiff filed a motion under Rule 37(d), asking the court to strike Ocheretner's answer and to enter default judgment because she failed to respond to the plaintiff's interrogatories and requests for production of documents. Dkt. No. 78. Ocheretner, who is defendant Vladimir Gorokhovsky's ex-wife, holds the title to the Mequon property at issue in the suit. Id. at 2. The plaintiff served its first set of requests for production of documents on May 21, 2019, seeking documents about the ownership of the real property at issue. It included interrogatories regarding Gorokhvosky's spending and finances during his marriage to Ocheretner. Id. Ocheretner failed to respond by June 20, 2019, id. at 3; discovery closed September 13, 2019—

the day after the plaintiff filed this motion. Along with the motion, the plaintiff filed a declaration to which it attached the discovery requests, emails from Ocheretner, and a summary of Ocheretner's statements in a phone conversation with plaintiff's counsel during which she said she had no plans to respond and believed it would be "useless" to participate in this lawsuit. Dkt. No. 79 at 2.

Ocheretner has not responded to the plaintiff's motion. Despite not being its target, Gorokhovsky did respond, asking the court to deny the motion and to "set up an evidentiary telephonic hearing on all legal and factual issues." Dkt. No. 80. He claims that Ocheretner is not represented by counsel and "not fully capable of understanding and comprehending legal English drafting and does not possess any skills required to prepare and to file any legal document with this court." Id. at 1. Gorokhovsky indicated that while he is a lawyer, he was not filing the response as counsel for Ocheretner, but "as the Friend of this Court in order to advise this Honorable Court of complexity of situation, which is not being fully disclosed to this Court by plaintiff's counsel, Atty. Nygaard." Id. at 2.

No party—even one who does not have a lawyer—may ignore the rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Ocheretner is a party to this case. The rules require that she must respond to discovery requests unless the court has ordered otherwise.

That said, striking the answer and entering default is a drastic sanction in this case. Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from a pleading any redundant, immaterial, impertinent or

scandalous matter. Fed. R. Civ. P. 12(f). It does not vest the court with the power to strike an answer in its entirety. Agstar Financial Services, PCA v. Union Go–Dairy, LLC, No. 1:10-cv-00145-SEB-MJD, 2011 WL 772754, *1 (S.D. Ind. Feb. 25, 2011). The court's authority to strike an answer arises from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

The court did not terminate counsel's representation of Ocheretner until July 8, 2019. Dkt. No. 65. Although it appears from the declaration filed by plaintiff's counsel that Ocheretner does not intend to participate in the case, Ocheretner has not said as much to this court, or on the record. The court will order Ocheretner to respond to the discovery requests in 30 days. If Ocheretner fails to respond or comply with the rules, the plaintiff may renew its motion for sanctions.

## II. Plaintiff and Wisconsin Department of Revenue's Joint Motion for Judgment (Dkt. No. 82)

On October 4, 2019, the plaintiff and the Wisconsin Department of Revenue filed a motion for entry of consent judgment. Dkt. No. 82. They have resolved the claims in Counts Two and Three and argue there is no just reason for delay under Rule 54(b). Id. at 1.

Rule 54(b) allows the court to direct entry of a final judgment as to one or more of the parties only if there is no just reason for delay. Fed. R. Civ. P. 54(b). The court finds no just reason for delay and will enter the consent judgment.

4

### III. Plaintiff's Second Motion for Default Judgment as to Guthrie & Frey (Dkt. No. 83)

The court denied without prejudice the plaintiff's first motion for default judgment against Guthrie & Frey because the court could not determine whether service was proper. Dkt. No. 65. The plaintiff has filed a second motion for default judgment as to Guthrie & Frey, along with the declaration of Robert Frey and a proposed judgment. Dkt. Nos. 83, 84.

#### A. Entry of Default

Robert Frey, the owner and registered agent of Guthrie & Frey Water Conditioning LLC, confirms in the declaration that Office Manager Jean Klemmons is authorized to receive service on behalf of Guthrie & Frey and was served on June 14, 2018. Dkt. No. 84 at 2. The declaration says that Guthrie & Frey declined to answer or otherwise respond to the complaint by July 5, 2018, and that it does not intend to answer or respond. Id. The clerk of court properly entered default under Rule 55(a).

#### B. Judgment

When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. The plaintiff here does not seek damages, but a judgment stating that the real properties identified in Counts Two and Three of the complaint should be sold free and clear of any rights, claims or interest that Guthrie & Frey might have had. No party has opposed the motion and the court finds that it is properly supported. The court will grant the plaintiff's motion for default judgment and enter judgment against Guthrie & Frey.

## IV. Rule 7(h) Expedited Non-Dispositive Motion for Referral of Pending Discovery Motions and Future Nondispositive Pretrial Matters to a Magistrate Judge (Dkt. No. 75)

On August 30, 2019, the plaintiff asked the court to refer all pending discovery motions and future nondispositive pretrial matters to a magistrate judge for resolution. The plaintiff notes that it would remove the parties "current and future disputes in this contentious case" from the court's busy docket and facilitate the resolution of the discovery motions. Dkt. No. 75.

The plaintiff alleges that defendants Gorokhovsky and Ocheretner have failed to participate meaningfully in discovery, and that Gorokhovsky has stopped paying the mortgage on his properties, causing continued losses. Dkt. Nos. 75 at 5; 76 at 2. Gorokhovsky filed a brief in opposition to the motion because he "strenuously objected" to referral to a magistrate judge at the beginning of the case and sees any referral now as an attempt to circumvent his prior objection. Dkt. No. 77 at 2. He also accuses the plaintiff of using "strong hand" litigation tactics. Id.

It is time for this case to move forward in the most expeditious way possible. The court's trial calendar does not permit a hearing in the near future. The court has the authority to refer non-dispositive pretrial motions to the magistrate judge without the consent of the parties. See 28 U.S.C. §636(b)(1)(A). Gorokhovsky's concerns are ill-founded; he retains the right to appeal a magistrate judge's order or object to any recommendation the magistrate judge might make on a dispositive motion. The court will refer this matter to a magistrate judge to address the pending discovery-related motions and to oversee future nondispositive pretrial matters.

## V. Defendant's Motion for Protective Order Limiting Plaintiff's Discovery Pursuant to Rule 26(c) of Fed. R. Civ. P. (Dkt. No. 69)

The defendant filed this motion on July 16, 2019, asking the court to limit the amount of discovery he must produce in response to the plaintiff's discovery demands. Dkt. No. 69. He attached forty-one pages of affidavits and other documents to the motion. Dkt. No. 69-2. The plaintiff filed its opposition brief on August 6, 2019. Dkt. No. 70. Nine days later, rather than filing a reply, Gorokhovsky filed an amended motion. Dkt. No. 74. The amended motion added a certification that Gorokhovsky had conferred with the plaintiff.

The filing of the amended motion moots the original motion, and the court will dismiss it as moot. The court is referring the amended motion to Magistrate Judge Duffin.

## VI. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to strike defendant Larissa Ocheretner's answer and enter default judgment. Dkt. No. 78.

The court **GRANTS** the plaintiff's motion to compel Ocheretner's discovery responses. The court **ORDERS** that Ocheretner shall serve written responses to the plaintiff's interrogatories and shall provide documents to its requests for production within **30 days** of receiving this order. The court warns Ocheretner that failure to provide the requested discovery could result in the plaintiff requesting, and this court imposing, sanctions, including monetary sanctions or entry of a money judgment against her.

The court **GRANTS** the plaintiff and the Wisconsin Department of Revenue's joint motion for judgment. Dkt. No. 82. The court will enter judgment accordingly.

The court **GRANTS** the plaintiff's second motion for default judgment as to Guthrie & Frey. Dkt. No. 83. The clerk will enter judgment accordingly.

The court **GRANTS** the plaintiff's Rule 7(h) expedited non-dispositive motion for referral of pending discovery motions and future nondispositive pretrial matters to a magistrate judge. Dkt. No. 75. The court will enter a separate order **REFERRING** this case to Magistrate Judge William E. Duffin.

The court **DENIES AS MOOT** Gorokhovsky's motion for protective order limiting the plaintiff's discovery. Dkt. No. 69.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**