UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                            Case No. 18-CV-590

VLADIMIR M. GOROKHOVSKY, et al.,

          Defendants.

## ORDER

Before the court is the United States' expedited non-dispositive, *see* Civ. L.R. 7(h), "Motion for a Rule 30(b)(4) Order Authorizing Remote Depositions." (ECF No. 118.) It seeks leave to conduct remote depositions in light of the ongoing pandemic.

Defendants Vladimir Gorokhovsky and Gorokhovsky Imports and Investment Group, LLC oppose the motion. In their response they state:

> defendants are objecting and are opposing to [sic] this discovery motion on the grounds that [sic] remote deposition sought to be conducted by the Plaintiff is absolutely unnecessary, wasteful and burdensome upon the defendants; and are further respectfully requesting this Court to issue an order allowing them a reasonable time of thirty (30) calendar days to file their formal written memorandum of law and facts in support of their opposition and objecting to said motion as filed by the above-named Plaintiff on June 9, 2020.

(ECF No. 121 at 1-2.) Gorokhovsky asserts he "is currently severely ill and is not physically capable to meaningfully prepare and to file his formal written brief and memorandum of law and facts in opposition to said motion." (ECF No. 121 at 2.)

Although the United States' motion relates only to the means of taking depositions, the defendants oppose the depositions themselves. But no motion for a protective order has been filed. Moreover, Gorokhovsky has failed to demonstrate good cause for any extension of time to respond to the United States' motion.

Accordingly, the court finding good cause, the United States' motion is **granted**:

1. Depositions may be taken by remote means.
2. Parties may notice depositions pursuant to Fed. R. Civ. P. 30(a)(1) without separately seeking leave to do so (as required by Fed. R. Civ. P. 30(b)(4)).
3. The party noticing a deposition may choose the remote means for the deposition – whether through a remote deposition service (or software) provided by a court reporting service or a telephonic deposition. The notice of deposition will set forth through what remote method the deposition will be taken.
4. The party defending the deposition is responsible for providing for itself/themselves, and for the witness,[1] a computer connected to the internet with

---

[1] Throughout this Order, the term "witness" will refer to the witness that is the *subject* of the notice of deposition, whether an individual person, in the case of entity defendants, a Fed. R. Civ. P. 30(b)(6) designee or designees, or a non-party person or entity subject to a Rule 45 subpoena.

a working webcam and microphone or, in the event of a telephonic deposition, a working telephone line.

5. At least four days in advance of any deposition the parties will notify each other by email as to the identity of the party who will be attending the deposition and provide email addresses for each attendee and/or witness to the party noticing the deposition.

6. Three days in advance of any deposition the party noticing the deposition will provide meeting invitations and other access instructions to the parties attending and to the witness.

7. Two days in advance of any deposition the party defending the deposition must ensure that the witness is able to gain access to the remote deposition service or the telephonic conference line. If any access issues are identified, the party defending the deposition is obligated to promptly notify the noticing party.

8. The noticing party will arrange for a licensed stenographer, who will attend the deposition remotely and swear in the witness remotely.

9. Any exhibits used at a remote deposition may be uploaded to the remote deposition service before or during the deposition. In the event of a telephonic deposition, exhibits must be transmitted by email to the parties and the witness prior to the deposition.

10. In the event of technological difficulties or other interruptions affecting a witness, the stenographer, the questioning attorney, or the defending attorney, the deposition shall be suspended for an appropriate length of time. In the event of technological difficulties or other interruptions affecting other party participants' attendance (but not the witness, the stenographer, the questioning attorney, or the defending attorney), the deposition will continue, and the transcript of such remote deposition(s) may be used in subsequent stages of the case as if the other party participants were in attendance.

11. Nothing in this Order waives the rights of any party to seek any further appropriate relief from the Court.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 10th day of June, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge