UNITED STATES OF AMERICA,

        Plaintiff,

  v.

VLADIMIR M. GOROKHOVSKY;
LARISSA OCHERETNER;
GOROKHOVSKY IMPORTS AND
INVESTMENT GROUP (G.I.I.G.) LLC;
WELLS FARGO BANK NA;
OFFICE OF LAWYER REGULATION;
LEONARD J. KUTCHERA; and
CHERRYWOOD VILLAGE CONDOMINIMIUM
ASSOCIATION, INC.,

        Defendants.

Case No. 18-cv-590-pp

**ORDER DENYING PLAINTIFF'S RULE 7(H) MOTION FOR REFERRAL OF DISPOSITIVE MOTIONS TO JUDGE DUFFIN (DKT. NO. 116), DENYING DEFENDANT'S MOTIONS TO VACATE JUDGE DUFFIN'S ORDER (DKT. NOS. 127, 128) AND DENYING DEFENDANT'S MOTIONS TO THE EXTENT HE INTENDED THEM AS MOTIONS FOR PROTECTIVE ORDERS (DKT. NOS. 124, 125, 127, 128)**

On December 3, 2019, the court granted the plaintiff's motion to refer this case to a magistrate judge for ruling on discovery motions and future non-dispositive pretrial matters. Dkt. No. 88. Since then, Judge Duffin has ruled on several discovery motions, including motions to compel and motions to enlarge deadlines. Dkt. Nos. 100, 102, 112 and 115.

1

## I. Background

On June 9, 2020, the plaintiff filed a Rule 7(h) motion for referral of dispositive motions to Judge Duffin for the issuance of a report and recommendation. Dkt. No. 116. Noting that this court had referred *non-dispositive* matters to Judge Duffin for resolution, the plaintiff indicated that it soon planned to file *dispositive* motions; it asked the court to refer those motions to Judge Duffin in the interests of judicial economy given Judge Duffin's familiarity with the case.

The same day, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion asking Judge Duffin to enter a Rule 30(b)(4) order authorizing remote depositions, citing the COVID-19 pandemic. Dkt. No. 118.

Defendant Vladimir Gorokhovsky opposed both motions. As to the motion to refer dispositive motions to Judge Duffin, the defendant asserted that he opposed the motion but wanted thirty days to file his response, because he was not physically capable of preparing and filing the response due to illness. Dkt. No. 120. Regarding the plaintiff's request for an order authorizing remote depositions, the defendant argued that the depositions were unnecessary, wasteful and burdensome; he again asked for thirty days to respond due to his severe illness. Dkt. No. 121. The plaintiff then filed a notice observing that the defendant had not filed a motion for extension of time to reply and, more to the point, noting that the nature of a Civil L.R. 7(h) motion is that it requires only a short response and declaration. The plaintiff also

2

Case 2:18-cv-00590-PP-WED   Filed 08/05/20   Page 2 of 13   Document 131

questioned the defendant's assertion that he was too ill to prepare and file a more fulsome response. Dkt. No. 122 at 2.

On June 10, 2020, Judge Duffin granted the plaintiff's motion for a Rule 30(b)(4) order authorizing remote depositions due to the ongoing pandemic. Dkt. No. 123. He noted that while the plaintiff's motion related only to the *means* of taking depositions, the defendants' response brief opposed the depositions themselves. Id. at 2. Agreeing with the plaintiff that the defendant had not filed a motion for a protective order or demonstrated good cause for an extension of time to respond to the plaintiff's motion, the court granted the plaintiff's request to take depositions by remote means. Id.

Five days later, at 5:16 a.m. on June 15, 2020, the defendant filed a *second* opposition to the plaintiff's motion to refer dispositive motions to Judge Duffin. Dkt. No. 124. The title of this motion was "Defendant's Amended Joint Opposition and Objection to Plaintiff's Rule 7(h) Motion to Refer Dispositive Motions to Magistrate Judge Duffin for Issuance and Recommendation and Defendant's Motion for Protective Order." Id. at 1. While the defendant docketed this pleading as a motion for a *protective order*, nothing in the text of the pleading asks for a protective order or explains why a protective order is necessary; the pleading details why the defendant objects to this court referring dispositive motions to Judge Duffin. Id. at 1-3.

A minute later, at 5:17 a.m., the defendant filed a *second* pleading titled "Defendant's Amended Joint Opposition and Objection to Plaintiff's Rule 7(h) Motion to Refer Dispositive Motions to Magistrate Judge Duffin for Issuance

3

and Recommendation and Defendant's Motion for Protective Order." Dkt. No. 125. This pleading is identical to the pleading at Dkt. No. 124, misspellings and all. The defendant, however, docketed *this* pleading as his response to the plaintiff's June 9, 2020 motion to refer dispositive motions to Judge Duffin.

The plaintiff's rely brief noted that the defendant had filed the same pleading twice. Dkt. No. 126. It noted that although the defendant's *first* response had asked for thirty days to prepare a brief, his *second* response was . . . well, a response. Id. at 2. The plaintiff asserted that to the extent that the defendant was seeking a protective order, that request was "both nonsensical and improper." Id. at 3. It pointed out that its motion asking this court to refer dispositive motions to Judge Duffin was not a discovery motion—there was nothing for a protective order to protect. Id. The plaintiff further argued that the defendant had no constitutional right to demand that this court refrain from referring matters to a magistrate judge for a report and recommendation. Id.

On July 26, 2020 at 2:19 p.m., the defendant filed a document titled "Defendant's Objection and Pursuant to Rule 72(a) of Fed. R. Civil Procedure for Review and to Vacate Order of Magistrate Judge Duffin Issued on 06-10-20 and Defendant's Motion to Vacate Order of Magistrate Judge William Duffin Issued on 06-10-2020 and Motion for Protective Order." Dkt. No. 127. He docketed this motion as a motion for a protective order. In this pleading, the defendant argued that the plaintiff filed its June 9, 2020 motion for authorization to conduct remote depositions without a Rule 37(2) conference.

4

Id. at 1. He asserted that Judge Duffin granted the motion "while summarily disregarding" the defendant's objection and without considering his opinion. Id. at 2. He reiterated his view that the depositions were unnecessary, wasteful and burdensome, as well as reiterating his request for thirty days to file a "formal written memorandum of law and facts in support" of his opposition. Id.

The defendant also repeated his assertion that he was severely ill and not capable of preparing and filing his written brief. Id. The defendant said that after Judge Duffin issued his June 10, 2020 order allowing remote depositions, the plaintiff's counsel had contacted the defendant asking for several August dates for the deposition. Id. The defendant says, however, that he is waiting "his subsequent surgery (third for last year) and will not be available until end of August of 2020." Id. at 3. The defendant instructs the court to be mindful of the fact that in early March 2020, he was in the hospital in Green Bay after a severe heart attack, where he was "subjected to open heart surgery at that time, and was thereafter held in hospital for several days." Id. The defendant says that he is expecting follow-up surgery and is being medicated. Id. He asserts that the plaintiff recently served him with a notice of deposition for August 4, 2020, and says he is not sure if he will be able to attend that deposition or whether he will be undergoing open heart surgery at that time. Id.

The defendant also reminds the court that he has a constitutional right to substantive and procedural due process and to being treated fairly and professionally. Id. He claims the plaintiff is subjecting him to strong-arm tactics and ignoring his medical situation. Id. He asks the court to vacate

5

Judge Duffin's June 10, 2020 order, and also asks the court "to issue its Protective Order vacating notice of deposition unilaterally scheduled and issued by the above-named Plaintiff for defendant's deposition on August 4, 2020, while knowing that the defendant offered an alternative dates and that his current health conditions are to hinder his participation in said deposition on August 4, 2020." Id. at 4.

At 5:39 p.m. on July 26, 2020—three hours and twenty minutes after he filed the previously-described document—the plaintiff filed the identical document, this time docketing it as an amended motion for a protective order. Dkt. No. 128.

## II. United States' Rule 7(h) Motion for Referral of Dispositive Motions to Magistrate Judge Duffin for Issuance of a Report and Recommendation (Dkt. No. 116)

The plaintiff asks the court to refer dispositive motions to Judge Duffin in the interests of judicial economy. Dkt. No. 116. The plaintiff cites defendant Vladimir Gorokhovsky's "consistent delay in this case." Id. at 3. The plaintiff argues that by referring the dispositive motions to someone familiar with the defendant's multiple attempts to stall the litigation, the court will avoid additional delay and additional losses by Wells Fargo and the United States. Id. at 3-4. Wells Fargo, the Wisconsin Department of Revenue and the Cherrywood Village Association consent to the plaintiff's request. Dkt. No. 117 at 2, ¶10.

Defendant Gorokhovsky asserts that he "strongly rejected proposed referral to the magistrate" at the start of this case and that somehow the plaintiff's motion is an attempt to circumvent his "prior rejection of referral of

6

the entire case to the magistrate." Dkt. Nos. 124 at 2, 125 at 2. He accuses the plaintiff of "using and oppressively utilizing its might of the United States to burden and to circumvent the defendant's substantive and procedural due process rights guaranteed to him by the Fifth and Fourteenth Amendments to the U.S. Constitution." Id. According to the defendant, "it is wholeheartedly imposable (sic), irrational and improper to conclude that the above-named plaintiff has established proper reason and is pursuing a proper means by asking this court to refer the issue of substantive motions to Magistrate Duffin." Id. at 3.

The defendant does not have a substantive or procedural due process right to demand that a district court judge refrain from referring dispositive motions to a magistrate judge for a report and recommendation. Thirty-five years ago, the Supreme Court stated that "[a]lthough a magistrate judge is not an Article III judge, this Court has held that a district court may refer dispositive motions to a magistrate judge for a recommendation so long as 'the entire process takes place under the district courts total control and jurisdiction, *United States v. Raddatz*, 447 U.S. 667, 681 . . . (1980), and the judge ' "exercise[s] the ultimate authority to issue an appropriate order,"' *id.*, at 682 . . . , quoting Senate Report, at 3." Thomas v. Arn, 474 U.S. 140, 153 (1985). The law expressly permits this court to do exactly what the plaintiff is asking the court to do—designate a magistrate judge to submit to the district judge proposed findings of fact and recommendations on dispositive motions. 18 U.S.C. §636(b)(1)(B).

7

This court has no doubt that Judge Duffin would consider any dispositive motion and briefs, and issue a report and recommendation, with dispatch. Judge Duffin has efficiently dealt with each discovery dispute that has arisen. Once he issued a report and recommendation, however, the parties would have the opportunity to object and to brief their objections; this court then would need to rule on the objections. Because asking Judge Duffin to prepare a report and recommendation adds another layer of review, it takes more time, which is less efficient.

Although the defendant has no legal basis for objecting to the plaintiff's motion, the court will deny it. This court will make every effort to rule as quickly as possible on any dispositive motions filed by the plaintiff, rather than requiring Judge Duffin to issue a report and recommendation which would end up on this court's desk for review anyway.

### III. Defendant's Amended Joint Opposition and Objection to Plaintiff's Rule 7(h) Motion to Refer Dispositive Motions to Magistrate Judge Duffin for Issuance and Recommendation and Defendant's Motion for Protective Order (Dkt. Nos. 124, 125)

As the court recounted above, the defendant filed *three* oppositions to the plaintiff's motion to refer dispositive motions to Judge Duffin—dkt. nos. 120, 124, 125. The court has denied that motion, not based on the defendant's baseless objections, but because it believes that it is more efficient for it to decide dispositive motions in the first instance.

But the defendant inserted into the last two oppositions the mention of a "protective order." Dkt. Nos. 124, 125. The body of the documents say nothing about what such an order would protect. Fed. R. Civ. P. 26(c) governs

8

protective orders. It says that a party from whom discovery is sought may file a motion for a protective order, after certifying that the party has in good faith conferred or attempted to confer with other affected parties to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). If a party files such a motion, the court may, "for good cause," issue such an order "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." It provides the court with several options, from forbidding the discovery altogether to specifying the method of discovery. Fed. R. Civ. P. 26(c)(1)(A)-(H).

To the extent that the defendant meant Dkt. Nos. 124 and 125 to act as motions for protective orders, the court will deny them. The plaintiff did not file the required certification that he tried in good faith to confer with the other parties before seeking court intervention as required by Rule 26(c)(1). More to the point, as the plaintiff points out, its motion did not ask the defendant for discovery. There is nothing for the court to issue an order to protect.

**IV. Defendant's Objection and Pursuant to Rule 72(a) of Fed. R. Civil Procedure for Review and to Vacate Order of Magistrate Judge Duffin Issued on 06-10-20 and Defendant's Motion to Vacate Order of Magistrate Judge William Duffin Issued on 06-10-2020 and Motion for Protective Order (Dkt. Nos. 127, 128)**

Despite their verbose title, the pleadings at Dkt. Nos. 127 and 128 are objections to Judge Duffin's June 10, 2020 order granting the plaintiff's motion for authority to conduct remote depositions (Dkt. No. 123). The defendant asks the court to vacate Judge Duffin's order, as well as the plaintiff's notice of deposition for August 4, 2020. According to the defendant, he "is not currently sure if he will be able to attend such deposition or might be hospital at that

9

time undergoing through ana (sic) additional needed open heart surgery." Dkt. Nos. 127 at 3, 128 at 3.

To the extent the defendant asks the court to vacate Judge Duffin's June 10, 2020 order, the request is untimely. Rule 72(a), which the defendant cites, requires a party to "serve and file objections to an order" by a magistrate judge disposing of a non-dispositive motion within fourteen days. Fed. R. Civ. P. 72(a). Judge Duffin issued his decision on June 10, 2020, but the defendant did not file his objection/request to vacate until July 26, 2020—over forty-five days later.

Nor does the defendant give the court any reason to vacate Judge Duffin's order, even if his objection had been timely filed. The defendant does not address the issue the plaintiff raised in its motion—the need to conduct depositions remotely to protect the health and safety of counsel and parties during the COVID-19 pandemic. Rather, as he did before Judge Duffin, the defendant insists that the depositions are burdensome and unnecessary. He doesn't explain why. The depositions that the plaintiff seeks to conduct remotely are the depositions of the *defendant* and his company. He is a party to this case. The court cannot imagine a situation in which a court would refuse to allow a plaintiff to depose a defendant, particularly when the plaintiff is seeking to do so in the safest manner given the circumstances of the pandemic. The plaintiff asserts that the defendant actually agreed to remote depositions, but reversed course without explanation. Dkt. No. 118 at ¶¶7-10. The

10

defendant has articulated no basis for opposing the depositions, much less any basis for opposing the plaintiff's request to conduct the depositions remotely.

The July 26, 2020 pleadings mention a "protective order." Again, the defendant did not file the certification required by Rule 26(c)(1), attesting that he had tried in good faith to work things out with the other parties without court intervention. It appears from the plaintiff's recitation of the chronology that the defendant has *not* acted in good faith, agreeing to remote depositions and then abruptly refusing to do the very thing he agreed to do. The defendant did not cite Rule 26(c), but it appears that he wants the court to issue a protective order forbidding the plaintiff from conducting the August 4, 2020 deposition based on the defendant's assertions about his health. The court crafted this order on August 4, 2020, it does not know whether the defendant appeared for the scheduled deposition.

As to the defendant's assertions that he is too ill to file pleadings or be deposed, the record belies those assertions. Despite the defendant's claims that he could not possibly file responses to motions because of his health, he has filed *seven* pleadings in the past two months. That casts doubt on the defendant's assertion that he is too ill to respond to pleadings.

The defendant first mentioned illness in a May 1, 2019 objection to the plaintiff's motion to compel discovery. Dkt. No. 63. In that objection, the defendant asserted that he'd informed the plaintiff that on January 11, 2019, he was hospitalized at Aurora Medical Center "with severe diabetic coma condition." Id. at ¶3. He claimed that he was "physically caped (sic) and

11

treated" at Aurora for several days "to stabilize his severe diabetically induced medical impediments." Id. at ¶4. The defendant asserted that he was "partially disabled" and "uncapable of engagement in extensive drafting due to ongoing thorough extensive rehabilitation and physical therapy." Id. at ¶5. The defendant also asserted that he had "disabling arthritis" that made him "partially unable to perform various legal tasks due to such medical impediments," and that he was waiting for an appointment with "arthritis specialist (rumpologist)" at Aurora on August 1, 2019. Id. at ¶7.

The defendant repeated these assertions in a July 16, 2019 objection to a motion to compel, dkt. no. 68, and in an August 12, 2019 objection to a motion to extend discovery, dkt. no. 73. In the August 12 objection, the defendant again asserted that his arthritis appointment was "now scheduled" for August 1, 2019, even though that date had passed. Dkt. No. 72 at ¶14.

The next reference to the defendant's illness appeared in the *plaintiff's* May 27, 2020 motion for an enlargement of time, where the plaintiff indicated that the defendant had informed counsel for the plaintiff in a May 27, 2020 telephone call that "he was too ill to schedule any depositions in June and could maybe participate in July." Dkt. No. 114 at ¶9. The plaintiff stated that the defendant gave no further details about the "illness." Id.

The first mention of a heart attack or any heart-related incident in Green Bay appears in the July 26, 2020 pleadings, in which the defendant "reminds" the court of this alleged incident. The court can find no reference in any of the documents on the docket to a March 2020 heart attack or surgery. The

12

defendant never has provided medical records to support his claims that various illnesses or conditions prevented him from engaging in this litigation—not a doctor's note or a hospital discharge chart.

The defendant has been a frequent litigator in this district—in fact, less than a month ago he filed <u>Gorokhovsky v. State Public Defender Office</u>, *et al.,* Case No. 20-cv-1098 (E.D. Wis.); the case is open and pending before this court

The defendant's claims that he is too ill to participate in this lawsuit or to be deposed, even remotely, ring hollow in light of his history in this case and with the court. They do not provide a basis for the court to grant his motions for a protective order.

## V. Conclusion

The court **DENIES** the plaintiff's motion for referral of dispositive motions to Magistrate Judge Duffin. Dkt. No. 116.

To the extent that the defendant meant them as motions for a protective order, the court **DENIES** the defendant's motions at Dkt. Nos. 124, 125.

The court **DENIES** as untimely the defendant's motions to vacate Judge Duffin's order. Dkt. Nos. 127, 128.

To the extent that the defendant meant them as motions for a protective order, the court **DENIES** the defendant's motions at Dkt. Nos. 127, 128.

Dated in Milwaukee, Wisconsin this 5th day of August, 2020.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**