# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                **Plaintiff,**

       **v.**                              **Case No. 18-CV-590**

VLADIMIR M. GOROKHOVSKY, et al.,

                **Defendants.**

---

# DECISION AND ORDER GRANTING
# PLAINTIFF'S MOTIONS FOR SANCTIONS

---

Before the court are motions filed by plaintiff United States of America for sanctions against defendants Vladimir Gorokhovsky and Gorokhovsky Imports and Investment Group, LLC. (ECF No. 132, 135.) The defendants oppose the motions primarily on the ground that the United States did not meet and confer with them before filing the motion. (ECF Nos. 138, 139 (citing Fed. R. Civ. P. 37(a)(1); Civ. L.R. 37).) But the defendants also argue that the motions are untimely and baseless. (ECF Nos. 138, 139 at 3-4.)

The United States was not required to meet and confer with the defendants before seeking sanctions against them. Federal Rule of Civil Procedure 37(a)(1) and Civil Local

Rule 37, which impose an obligation to meet and confer, apply only to motions to compel disclosure or discovery. The current motions do not seek to compel disclosure or discovery. Rather, they seek sanctions for the defendants' failure to comply with court orders (ECF Nos. 102 and 123) resolving prior discovery motions.

In addition, the defendants have not demonstrated that the United States' motions are somehow untimely.

And, finally, the United States' motions are meritorious. The only reason the defendants offer as to why the United States' motions are allegedly baseless is that, with respect to Vladimir Gorokhovsky's failure to attend his deposition, he had filed a motion for a protective order that Chief Judge Pepper had not yet ruled on by the scheduled deposition date.

On July 26, 2020, Gorokhovsky filed what he captioned, "Defendant's Objection and Pursuant to Rule 72(a) of Fed. R. Civil Procedure for Review and to Vacate Order of Magistrate Judge Duffin Issued on 6-10-20 and Defendant's Motion to Vacate Order of Magistrate Judge William Duffin Issued on 6-10-2020 and Motion for Protective Order." (ECF No. 127.) About three hours later Gorokhovsky filed an amended version of this document but did not indicate what had changed. (ECF No. 128.)

This was an obviously untimely objection to this court's June 10, 2020 order. (ECF No. 123.) Any objection to a magistrate judge's order must be filed within 14 days of the order. Fed. R. Civ. P. 72(a). The objection was over a month late. To the extent the motion

also sought a protective order, as Chief Judge Pepper noted in her order denying Gorokhovsky's motions, he made no effort to comply with the meet-and-confer requirement of Fed. R. Civ. P. 26(c)(1). (ECF No. 131 at 9.) Moreover, as Chief Judge Pepper noted, Gorokhovsky's explanation that he was too ill to participate in a remote deposition was specious given that his purported illness has been frequently cited as a cause for his obstructionist conduct in this case even though he has been able to file various motions during these periods of alleged illness. (ECF No. 131 at 11-13.) Gorokhovsky even filed a new case in this court on July 18, 2020, in which he alleges that the State Public Defender improperly refused to certify him to receive indigent defense appointments. *Gorokhovsky v. State Public Defender Office*, 20-CV-1098 (E.D. Wis.). The obvious implication of that lawsuit is that Gorokhovsky believes he is healthy enough to represent criminal defendants.

Having been ordered by this court to appear for a remote deposition, Gorokhovsky cannot attempt to evade a properly noticed deposition by filing a baseless objection to the court's order and a meritless motion for a protective order. Having rejected the defendants' arguments for opposing the United States' motion, the court finds that sanctions are appropriate.

In assessing the nature of sanctions, the court must consider that Gorokhovsky's misconduct in this case is not an isolated incident. Remarkably, Gorokhovsky's misconduct in legal proceedings predates his June 11, 2002 admission to the bar. On

September 17, 2001, proceeding *pro se*, Gorokhovsky filed a lawsuit that the court concluded was frivolous. The court ordered him to pay over $14,000 to the defendants to cover their costs and attorney fees. *Gorokhovsky v. Edwards*, 2003 WI App 42, ¶17, 260 Wis. 2d 601, 658 N.W.2d 87.

In 2007, the Wisconsin Court of Appeals ordered Gorokhovsky to pay $150 for falsely certifying that he complied with the court's rules regarding the completeness of the appendices to his brief. *State v. Bons*, 2007 WI App 124, ¶25, 301 Wis. 2d 227, 240, 731 N.W.2d 367, 374.

In 2009, Gorokhovsky was privately reprimanded "for charging an unreasonable fee, failing to treat a client's funds as trust property until there was an accounting and severance of the relationship, failing to timely refund any advance payment of fees, and failing to provide accurate information to the OLR during its investigation." *Office of Lawyer Regulation v. Gorokhovsky (In re Gorokhovsky)*, 2013 WI 100, ¶4, 351 Wis. 2d 408, 411, 840 N.W.2d 126, 127.

On November 30, 2012, the Wisconsin Supreme Court publicly reprimanded Gorokhovsky for eight counts of misconduct that included failing to communicate with his client, accepting fees from a third-party without his client's consent, communicating with that third-party about the client's case, charging excessive fees, and submitting a back-dated letter to the OLR when it investigated the matter. *In re Disciplinary Proceedings v. Gorokhovsky*, 2012 WI 120, ¶1, 344 Wis. 2d 553, 557, 824 N.W.2d 804, 806

4

On December 17, 2013, the Wisconsin Supreme Court suspended Gorokhovsky's license to practice for 60 days, effective January 21, 2014. *Office of Lawyer Regulation v. Gorokhovsky (In re Gorokhovsky)*, 2013 WI 100, ¶28, 351 Wis. 2d 408, 420, 840 N.W.2d 126, 132. The suspension arose out of two counts of misconduct, one related to his misdemeanor convictions of battery and disorderly conduct against his then wife. *Id.* ¶7. Count two related to misrepresentations he made to the Cook County, Illinois circuit court, where he was representing a corporate client in a civil matter. *Id.* ¶9. He informed the court that "he had 'gone through a dramatic event in his life, resulting in partial incapacitation.' He stated that he was 'going on personal, family and health care leave of absence with anticipated duration of several months, commencing on August 26, 2010 and ending on or about December 3, 2010.'" *Id.* ¶11. But despite having told the court that he would be on leave as of August 26, 2010, Gorokhovsky appeared in Ozaukee County Circuit Court on that date to argue his own post-conviction motion. *Id.* ¶12.

In support of his motion to stay the Illinois action, Gorokhovsky submitted an affidavit explaining that the health condition that necessitated his leave was psoriasis. He supported his affidavit with a letter from a "doctor of oriental medicine" who stated that Gorokhovsky's "psoriasis was interfering with his daily activities and 'poses [a] severe health risk.'" *Id.* ¶15. The "doctor of oriental medicine" further "wrote that he has advised Attorney Gorokhovsky 'to avoid any and all instances of possible stress by

limiting his professional activities to only uncontested legal matters' and 'not to participate as [a] litigation attorney in any litigation-related activities.'" *Id.* ¶15.

Based on these representations, the Illinois court granted his motion to stay. Nonetheless, Gorokhovsky continued to appear in other cases. *Id.* ¶19. When the Illinois court learned that Gorokhovsky was continuing to appear in cases, it revoked his *pro hac vice* admission and ordered him to pay $500 as a sanction. *Id.* ¶20.

In *Dochak v. Polskie Linie Lotnicze LOT S.A.*, No. 15 C 4344, 2017 U.S. Dist. LEXIS 82488, at *16-17 (N.D. Ill. May 30, 2017), the court granted the defendant's motion to dismiss class action claims from a complaint, in part because it found that Gorokhovsky was not competent to act as class counsel. The court stated, "More than once, the Court has voiced its concern with Plaintiffs' counsel's diligence in prosecuting this matter and his inability to meet court imposed deadlines. To name just a few of those concerns, Plaintiff's counsel has failed to meaningfully respond to substantive motions, failed to depose [the defendant's] corporate representative, and his failure to produce many of the individual plaintiffs for their depositions resulted in their claims being dismissed with prejudice." *Id.* at *16-17. The defendant's motion contained further details as to Gorokhovsky's misconduct, including actions strikingly similar to Gorokhovsky's present efforts to continue to evade his deposition. In *Dochak*, defense counsel stated, "Counsel attempted to avoid producing Plaintiffs for depositions for a *third* time by requesting that the Court … reconsider its order compelling the depositions less than a

month before the close of discovery." *Dochak et al v. Polskie Linie Lotnicze LOT S.A*, 15-CV-4344, ECF No. 140 at 28 (N.D. Ill., Jan. 12, 2017 (emphasis in original).)

On May 11, 2020, the Court of Appeals for the Seventh Circuit found a lawsuit Gorokhovsky brought related to the "booting" of his car for unpaid parking tickets was frivolous. *Gorokhovsky v. City of Chi.*, No. 19-1506, 2020 U.S. App. LEXIS 14855, at *3 (7th Cir. May 11, 2020).

Finally, and most significantly, just a few days ago the Court of Appeals for the Seventh Circuit issued a scathing decision in which it concluded that at least three of the certifications Gorokhovsky offered in his filings with that court were false, his filings in the district court and on appeal were "wretched," his arguments "frivolous," and he engaged in the unauthorized practice of law by purporting to represent a person before the court of appeals when he was not admitted to practice before that court. *Gorokhovsky v. Stefantsova*, No. 19-2617, 2020 U.S. App. LEXIS 27444, at *2-*6 (7th Cir. Aug. 28, 2020). It further stated, "Gorokhovsky's incompetent and dishonest conduct on his own behalf implies that he is not an appropriate person to protect the interests of clients." *Id.* at *5. As a sanction for his misconduct, the Court of Appeals summarily affirmed the district court's dismissal of the action he filed. *Id.* at *6.

Given Gorokhovsky's extensive history of misconduct and his misconduct in this action, the specific sanctions sought by the United States are appropriate. Accordingly, as to the United States' Motion for Sanctions Pursuant to Rule 37(b)(2)(A)(ii) Against

Defendant Vladimir Gorokhovsky and For Award of Expenses and Attorneys' Fees (ECF No. 135), it is hereby **ORDERED** that the United States' motion for sanctions is **GRANTED**. It is further **ORDERED, ADJUDGED AND DECREED**:

1. Gorokhovsky violated the Court's December 20, 2019 discovery order when he failed to serve initial disclosures on January 10, 2020, when ordered to do so.

2. Gorokhovsky violated the Court's December 20, 2019 discovery order when he served his January 31, 2020 amended responses and failed to fully and completely respond to the United States' discovery requests without objection. These violations include, but not are not limited to, Gorokhovsky refusing to identify documents in response to interrogatories, Gorokhovsky responding that he would not answer fully but would rather "rely on testimony," and Gorokhovsky improperly promising to produce documents in the future.

3. Gorokhovsky violated the Court's December 20, 2019 discovery order when he failed to undertake and document his good faith efforts to obtain responsive documents from nonparties when ordered to do so.

4. Gorokhovsky failed to appear for his properly noticed remote deposition on August 5, 2020, and had no acceptable excuse for failing to do so pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) & (2).

5. Gorokhovsky engaged in willful, dilatory, bad faith, and unreasonable conduct in failing to comply with the Court's December 20, 2019 discovery order and failing to appear for his August 5, 2020 deposition.

Accordingly, the Court **ORDERS** that Gorokhovsky is prohibited from introducing into evidence, either at trial or in support of or opposition to a motion for summary judgment, <u>any</u> documents he was obligated to disclose to comply with the Court's December 20, 2019 Order (excepting those documents received by subpoena and detailed in Appendix A (ECF No. 99-001) and/or in the United States First and Second Supplemental Initial Disclosures at ¶¶ 40-47 & 61-63) .

The Court further **ORDERS** that Gorokhovsky is prohibited from introducing evidence and/or testimony (at trial or in support of or opposition to a motion for summary judgment) on four designated matters:

a. Gorokhovsky's allegations and/or purported affirmative defenses regarding the correct amount of the United States federal income tax assessments against him (subject of Count I of the Second Amended Complaint);

b. Gorokhovsky's allegations and/or purported affirmative defenses regarding the validity and/or timeliness of the United States federal income tax liens (subject of Count I of the Second Amended Complaint);

c. Gorokhovsky's allegations and/or purported affirmative defenses regarding the ownership of the real property which is the subject of Count II of the Second

9

Amended Complaint, with the address 10919 North Hedgewood Lane, Mequon Wisconsin.

d. Gorokhovsky's allegations and/or purported affirmative defenses regarding the ownership of the real property which is the subject of Count III of the Second Amended Complaint, with the address 4275 W. Cherrywood Lane, Brown Deer, Wisconsin.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C) & (d)(3), the Court awards the United States its reasonable attorney's fees and expenses in preparing for and holding the August 5, 2020 deposition and in preparing its motion for sanctions and ORDERS that Vladimir Gorokhovsky is personally liable for the award of costs and fees.

As to the United States' Motion for Sanctions Pursuant to Rule 37(b)(2)(A)(ii) Against Defendant Gorokhovsky Imports and Investment Group LLC and For Award of Expenses and Attorneys Fees (ECF No. 132) it is hereby **ORDERED** that the United States' motion for sanctions is **GRANTED**. It is further **ORDERED, ADJUDGED AND DECREED**:

1. GIIG violated the Court's December 20, 2019 discovery order when it failed to serve initial disclosures on January 10, 2020, when ordered to do so.

2. GIIG violated the Court's December 20, 2019 discovery order when it failed to serve amended responses to the United States' Interrogatories and Requests for Production of Documents on January 31, 2020, when ordered to do so.

3. GIIG violated the Court's December 20, 2019 discovery order when its overdue amended responses failed to fully and completely respond to the United States discovery requests without objection.

4. GIIG failed to appear for its properly noticed remote Rule 30(b)(6) deposition on August 4, 2020, and had no acceptable excuse for failing to do so pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) & (2).

5. GIIG, and its counsel and co-defendant Vladimir Gorokhovsky, engaged in willful, dilatory, bad faith, and unreasonable conduct in failing to comply with the Court's December 20, 2019 discovery order, and failing to appear for the August 4, 2020 deposition.

Accordingly, the Court **ORDERS** that GIIG is prohibited from introducing into evidence, either at trial or in support of or opposition to a motion for summary judgment, <u>any</u> documents in support of its purported defenses to Count III of the United States' Second Amended Complaint (ECF No. 101).

The Court further ORDERS that GIIG is prohibited from introducing evidence and/or testimony (at trial or in support of or opposition to a motion for summary judgment) on two designated matters:

a. GIIG's allegations that Michael (or Mikhael) Gorokhovsky may have an interest in, contributed funds towards the purchase of, or constitutes the "true owner" of the real property which is the subject of Count III of the Second

Amended Complaint, with the address 4275 W. Cherrywood Lane, Brown Deer, Wisconsin (hereinafter called the "Brown Deer Property").

b. GIIG's allegations that Andrei Malachin may have an interest in, contributed funds towards the purchase of, or entered into any agreements or loan agreements regarding the Brown Deer Property.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C) & (d)(3), the Court awards the United States its reasonable attorney's fees and expenses in preparing for and holding the August 4, 2020 deposition and in preparing its motion for sanctions and **ORDERS** that GIIG, and its counsel Vladimir Gorokhovsky, are jointly and severally liable for the award of costs and fees.

**IT IS FURTHER ORDERED** that the United States shall submit its expenses to the court no later than **September 8, 2020**. The defendants may respond no later than **September 15, 2020**.

Dated at Milwaukee, Wisconsin this 1st day of September, 2020.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge