UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                   Case No. 18-CV-590

VLADIMIR M. GOROKHOVSKY, et al.,

          Defendants.

## ORDER DENYING MOTION FOR RECUSAL

Before the court is the "Defendant's [sic] Motion for Recusal, Disqualification and or Removal of Magistrate Judge Duffin." (ECF No. 146.) The defendants argue that recusal is necessary because the court, in granting the United States' motion for sanctions, noted defendant Vladimir Gorokhovsky's extensive history of misconduct in other matters.

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> He shall also disqualify himself … [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding….

28 U.S.C. § 455(a), (b).

"Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a 'well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.'" *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). "Section 455(b)(1) requires recusal only if 'actual bias or prejudice is proved by compelling evidence.'" *Id.* (quoting *Hook*, 89 F.3d at 355. "[A] judge's bias against a litigant must 'arise from an extrajudicial source.'" *Id.* (quoting *Hook*, 89 F.3d at 355).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Even 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge ….'" *Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky*, 510 U.S. at 555). Thus, the fact that a judge found it necessary to impose sanctions on a party for the party's conduct in a case is not a basis for recusal. *See Adams v. Retail Ventures, Inc.*, 325 F. App'x 440, 443 (7th Cir. 2009) (unpublished); *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1066 (N.D. Ill. 2004).

"Whether the court is exercising its inherent power or invoking Rule 37, the sanction must be proportional to the abusive conduct." *Fannie Mae v. Chi. Title Ins. Co.*, No. 1:11-cv-00768-JMS-MPB, 2019 U.S. Dist. LEXIS 181792, at *11 (S.D. Ind. Sep. 20, 2019) (citing *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)

(stating sanction under court's inherent power "should be proportioned to the gravity of the offense"); *Maynard v. Nygren*, 372 F.3d 890, 893 (7th Cir. 2004) (stating for Rule 37 sanctions, the punishment should fit the crime)); *see also Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003). Moreover, sanctions are not merely punitive but also intended to serve as a deterrent, both general and specific. *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (citing *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976)).

It was in this context—ensuring that the sanctions imposed were proportional and no more than necessary to serve the interest of specific deterrence—that the court discussed Gorokhovsky's extensive history of misconduct, as reflected in the decisions of other courts. S*ee United States v. Gorokhovsky*, No. 18-CV-590, 2020 U.S. Dist. LEXIS 158859, at *9 (E.D. Wis. Sep. 1, 2020). If Gorokhovsky's misconduct in this case had been an isolated incident, it may have been inappropriate to impose the harsh sanctions requested by the United States. But Gorokhovsky's track record of a wide variety of misconduct that has spanned his entire legal career suggested that harsh sanctions were both proportional and necessary to deter Gorokhovsky from engaging in future misconduct.

Ultimately, the defendants' motion for recusal reflects nothing but disagreement with the court's decision to impose sanctions. The court finds no basis for recusal. Accordingly,

**IT IS THEREFORE ORDERED** that the "Defendant's [sic] Motion for Recusal, Disqualification and or Removal of Magistrate Judge Duffin" (ECF No. 146) is **denied**.

Dated at Milwaukee, Wisconsin this 9th day of September, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge