UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

                                   Case No. 18-cv-0590-bhl

     v.

VLADIMIR M GOROKHOVSKY, et al.,

          Defendants.

---

## ORDER OF SALE OF BROWN DEER PROPERTY AND APPOINTMENT OF RECEIVER

---

The United States filed this case in January 2019, seeking to reduce federal tax assessments to judgment and foreclose tax liens against Defendant Vladimir Gorokhovsky's real estate. (ECF No. 1.) On December 22, 2021, the Court entered a final *in rem* judgment—against all Defendants and in favor of the United States—enforcing the aforementioned federal tax liens against the real properties located at 10919 N. Hedgewood Lane, Mequon, Wisconsin (the Mequon Property) and 4275 West Cherrywood Lane, Brown Deer, Wisconsin (the Brown Deer Property). (ECF No. 218.) The judgment directed that the properties be sold subject to further order of the Court. (*Id.* at 2-3.) On February 15, 2022, the Court issued an order authorizing the sale of the Mequon Property and appointing as receiver Peter Goshman. (ECF No. 227.) At that time, the United States had not yet decided what to do with the Brown Deer Property, uncertain as to what value, if any, could be recovered in light of the property's dilapidated condition. (ECF No. 221.) On March 23, 2022, the United States moved for an order of sale of the Brown Deer Property and for appointment of a receiver to sell that property. (ECF No. 233.) Defendants Cherrywood Village Condominium Association and the State of Wisconsin Department of Revenue consent to the motion. (*Id.* at 1.) Gorokhovsky opposes the motion and instead seeks leave to repair the Brown Deer Property at his own expense and then effectuate a private sale of that property, with all proceeds going to relevant lienholders. (ECF No. 237 at 5.)

Under 28 U.S.C. Section 2001(b), the Court may order the private sale of real property if it finds such sale will serve the best interests of the estate and certain other conditions are met. The United States argues that private sale under Section 2001(b) is the only feasible option because "[n]o real estate agent has any financial incentive to accept a receivership for the distressed property with a potential low sale price." (ECF No. 233 at 11.) According to the receiver appointed to sell the Mequon Property, the Brown Deer Property has a fair market value of approximately $15,000 in its current state. (*Id.* at 5.) This means "any real estate agent appointed as receiver for the Brown Deer Property would not realize a commission commensurate with the time and expenses needed to sell it and that there would likely be no net proceeds that would be paid to the United States." (*Id.* at 5-6.) So that it might squeeze even a corpuscle of blood from this stone, the United States asks the Court to appoint Cherrywood's counsel, Daniel Miske, as receiver. (*Id.* at 8.) Miske specializes in condominium law and has extensive industry contacts. (*Id.*) He will also receive only a 50% commission, not to exceed $3,750, on any sale proceeds in excess of the statutory minimum sale price. (*Id.*) And Section 2001(b)'s requirements will ensure that Miske's appointment does not create any conflict of interest. (ECF No. 238 at 6.) According to the United States, this method of sale would net $10,000, which would be used to satisfy part of Gorokhovsky's outstanding tax debt. (*Id.* at 5.)

Gorokhovsky contends, though, given 30-45 calendar days, and at the cost of only $25,000-$30,000, he could repair the Brown Deer Property and sell it for $125,000. (ECF No. 237 at 4.) This argument runs headlong into the stout wall of reality. First, Gorokhovsky does not support his estimates with evidence, instead asking the Court to take him at his word. But three years into this litigation, the collateral value of Gorokhovsky's word is exhausted. He has conducted too much of his case in bad faith, cried wolf too many times. (*See e.g.* ECF Nos. 142 & 192.) To credulously believe him now would transform the Court into Charlie Brown approaching the infernal football. And indeed, the Court takes judicial notice that the Brown Deer County Assessor's website lists the 2021 estimated fair market value of the Brown Deer Property as $78,600, far below Gorokhovsky's proposed sale price. *Village of Brown Deer Web Portal – Property Summary*, http://98.100.201.138/gcswebportal/PropertySummaryReport.aspx (last visited Apr. 4, 2022).[1] Additionally, to the extent that Gorokhovsky has a spare $30,000 at his disposal, he should use it to pay down his outstanding tax debt. In fact, pursuant to 26 U.S.C.

---

[1] This was, of course, the value before Gorokhovsky destroyed the interior.

Section 7402(a), the Court could order Gorokhovsky to turn this money over to the United States in partial satisfaction of the $425,000 judgment against him. Lastly, to borrow from the Court's previous order, Gorokhovsky is a debtor with "a history of fraud, tax evasion, and asset dissipation" and "is not fit to maximize the return on a real estate transaction." (ECF No. 227 at 2 (citing *In re McGaughey*, 24 F.3d 904, 908 (7th Cir. 1994))). For all of these reasons, the Court denies Gorokhovsky's request to repair and sell the Brown Deer Property himself.

Instead, the Court agrees with the United States that its proposed method of sale is in the best interest of the estate, as Section 2001(b) requires. The Court's Order will also ensure compliance with 2001(b)'s other requirements.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion for an order of sale and appointment of a receiver (ECF No. 233) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. The Brown Deer Property shall be sold by a private sale pursuant to the terms set forth below and those set forth in 28 U.S.C. Section 2001(b).

2. **Daniel Miske**, Partner at Husch Blackwell and counsel for Cherrywood Village Condominium Association (Cherrywood), is appointed as Receiver, to serve without a bond, for the purposes of assisting in the enforcement of the federal tax liens against the Brown Deer Property and is directed to take custody and arrange for the sale of the property that is subject of Count III of the United States' Second Amended Complaint, referred to herein as the Brown Deer Property, with the address 4275 W. Cherrywood Lane, Brown Deer, Wisconsin, and the following legal description:

   > Unit No. 4275, in Building 102, together with said unit's respective undivided interest in the common elements and limited common elements appurtenant thereto, in Cherrywood Village Condominium, a condominium created and existing under and by virtue of the Condominium Ownership Act of the State of Wisconsin and by Declaration of Condominium date October 20, 1980 and recorded in the Office of the Register of Deeds for Milwaukee County, Wisconsin on October 20, 1980, Reel 1331, Images 1641 to 1679, inclusive, as Document No. 5433943; and Amendment to Declaration of Condominium for Cherrywood Village Condominium dated October 24, 1980, Reel 1333, Images 1542 to 1555, inclusive, as Document No. 5435673, and any further amendments. Incorporated herein by this reference thereto is the real estate described in and subject to said

Declaration, which is located in the Village of Brown Deer, County of Milwaukee, State of Wisconsin. The Post Office address of said Unit is 4275 West Cherrywood Lane, Brown Deer, Wisconsin.

3. The Receiver is directed to arrange for the sale of the Property free and clear of any rights, titles, claims, or interests of any of the parties to this action.

4. The Receiver shall have the authority to arrange for the sale of the Property, subject to confirmation by this Court as set forth herein. The terms of the purchase agreement shall include the balance of the purchase price paid in cash at closing.

5. The closing for the Brown Deer Property shall not occur until after the sale for the Property has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a **Receiver's Deed** to such purchased parcel executed by the Receiver.

6. The sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property and easements and restrictions of record, if any.

7. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale(s) shall be made without any right of redemption.

8. The Clerk of Court is directed to accept the proceeds of the sale(s) and deposit them into the Court's interest-bearing registry account and hold them until distribution is directed pursuant to further order of this Court.

9. Up until the date to vacate the respective Property (set forth in paragraph 11 below), Defendant Vladimir Gorokhovsky (Gorokhovsky) and all occupants of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so. In particular, Gorokhovsky shall ensure the Property is properly winterized to avoid any damage as a result from burst pipes or otherwise.

10. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from

participating in the sale, nor shall they cause or permit anyone else to do so. If the Property is damaged or destroyed (or further damaged or destroyed) before its sale and Gorokhovsky is entitled to insurance proceeds, the insurance proceeds shall be made payable to the Clerk of the United States District Court for the Eastern District of Wisconsin, and the Clerk of Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

11.    The Brown Deer Property shall be vacated permanently as follows:

    a.    All persons occupying the Brown Deer Property shall vacate the Property permanently within **14 days** of the date of the Court's entry of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified, the Receiver is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structured located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

    b.    Any personal property remaining on the Brown Deer Property **14 days** after the date of the Court's entry of this order of sale is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale, and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court

for the Eastern District of Wisconsin, and the Clerk of Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court. This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

12. Up until the date that this Court confirms the sale of the Brown Deer Property, the Receiver and their representatives are authorized to and shall have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

13. The Receiver shall have all of the rights and powers necessary to fulfill the Receiver's obligations under this Order, specifically including, but not necessarily limited to: the power to retain the services of a locksmith in order to gain access into and to secure the Brown Deer Property; to advertise the sale of the Property; to enter into a listing agreement, if necessary; to obtain insurance for the Property, if deemed necessary; to take any action reasonably necessary to protect and preserve the value of the Property prior to sale; and to put the Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and minor improvements.

14. The Receiver is required to submit status/progress reports to the Court every ninety (90) days from the date of this Order until there is a final confirmation of sale.

## 28 U.S.C. Section 2001(b) Requirements

15. **Todd Herrenbruck, CRA, Mary Jane Muth, SRA,** and **Michael Esser, SRA** are appointed as disinterested persons who shall appraise the Brown Deer Property prior to confirmation of any sale. At the time the United States and/or Receiver submits a motion for confirmation of the sale, the movant shall submit to the Court copies of each completed appraisal report. By the agreement of the parties, Cherrywood shall pay the appraisal fees for Todd Herrenbruck and Mary Jane Muth, and the United States shall pay the appraisal fee for Michael Esser.

16.     No private sale offer shall be accepted by the Receiver that is at a price less than two-thirds of the average appraised value of the Brown Deer Property by the three appraisers.

17.     At least 10 days before confirmation of any private sale, the Receiver shall publish the terms of the sale in The Daily Reporter, a newspaper of general circulation in Milwaukee, Wisconsin and notify the public that they may submit a bona fide offer (of at least a 10 per centum increase over the price offered in the private sale) for consideration and acceptance of the Receiver within the 10-day period.

18.     Any purchase agreement entered into between the Receiver and a purchaser shall include a term providing that the agreement is subject to the notice requirements set forth in paragraph 17 (and 28 U.S.C. Section 2001(b)) and that the purchaser's offer may be superseded by a bona fide offer with a guaranteed 10 per centum increase over the price offered in the private sale.

19.     The Receiver shall not be paid any commission for overseeing the sale of the Brown Deer Property, unless the Property sells for more than two-thirds of the average appraised value, in which case the Receiver shall be paid a fee of 50% of the sale price above two-thirds of the average appraised value, but not to exceed $3,750. The Receiver shall be reimbursed from the sale proceeds of the Brown Deer Property for the reasonable and necessary expenses incurred to place the Property in a saleable condition and the reasonable costs of sale, including closing costs typically paid by the "seller" of a piece of real property. Further, any commission due to the Receiver under this paragraph shall be paid exclusively from the sale proceeds.

### Distribution of the Brown Deer Property Sale Proceeds

20.     After the Court confirms the sale of the Brown Deer Property, the sale proceeds, deposited with the Clerk of this Court or through a retained title company, shall be distributed in the following order of priority:

    a.  *First*, to the Receiver, for the reasonable and necessary expenses incurred to place the Property in a saleable condition, the reasonable costs of sale and any commission earned, including closing costs typically paid by "seller" of the

Property, any commission as described in paragraph 19, and costs for posting notice in The Daily Reporter as described in paragraph 17;

b. *Second*, to Milwaukee County, Wisconsin and/or Brown Deer Village, Wisconsin for all outstanding property taxes due at the time of sale;

c. *Third*, to the United States to satisfy, in part, the balance of the federal tax liens, notice of which was filed against Vladimir Gorokhovsky on July 25, 2014 at Document No. 1005172, September 26, 2014 at Document No. 1007760, May 1, 2017 at Document No. 1048916 with Ozaukee County, Wisconsin, and nominee liens against Gorokhovsky Imports and Investment Group, LLC as Gorokhovsky's nominee filed March 16, 2018 at Document Nos. 10759637, 10759638, & 10759639 with the Milwaukee County Register of Deeds and reduced to a money judgment on Count I at ECF No. 218 in the above-captioned case. The funds due to United States shall be paid by check and made payable to "**U.S. Department of Justice**" and sent by regular mail to "**Department of Justice, ATTN: TAXFLU, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044**," by courier or overnight delivery to "**Department of Justice, ATTN: TAXFLU, One Constitution Square Building, 1275 1st Street NE, #11501, Washington D.C. 20002**" or by wire transfer.

d. *Fourth*, if any proceeds remain after distribution of sale proceeds as described above, any remaining funds will be paid to the Wisconsin Department of Revenue for outstanding state tax warrants.

**IT IS FURTHER ORDERED** that Gorokhovsky's motion to stay sale of the Brown Deer Property and for leave to repair the Brown Deer Property (ECF No. 229) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on April 5, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge