UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   Case No. 18-cv-0590-bhl

VLADIMIR M GOROKHOVSKY, et al.,

          Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

      On April 5, 2022, this Court entered an Order denying Defendant Vladimir Gorokhovsky's motion to enlarge time to vacate the real property located at 10919 N. Hedgewood Lane, Mequon, Wisconsin (the Mequon Property). (ECF No. 240.) Within hours, Gorokhovsky filed a motion for reconsideration. (ECF No. 241.) He amended that motion the next day. (ECF No. 242.) Plaintiff United States of America filed its response the day after, on April 7, 2022. (ECF No. 243.) Hours later, Gorokhovsky filed what he termed a "Second Motion to Amend," but what is essentially a reply to the United States. (ECF No. 244.)

      While the Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider," "courts in the Seventh Circuit generally apply the standards of Rule 59(e) or Rule 60(b) to such motions." *Poirier v. Foster*, No. 18-cv-1062-pp, 2020 WL 3104300, at *2 (E.D. Wis. June 11, 2020) (citing *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016)). Gorokhovsky's motion is not one seeking to reconsider or amend a judgment à la Fed. R. Civ. P. 59(e). The Court will therefore evaluate it according to Fed. R. Civ. P. 60(b), which sets forth the six grounds on which a party can seek relief from an order. Of these grounds, only the sixth, a catch-all, possibly applies to the pending motion. *See* Fed. R. Civ. P. 60(b)(6) (allowing the court to relieve a party from an order for "any other reason that justifies relief"). Relief under this provision is reserved for "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

Plenty about this case has been extraordinary, but not the circumstances surrounding this motion. For the most part, Gorokhovsky merely rehashes the same rejected arguments made in his original motion. (*Compare* ECF No. 228 *with* ECF No. 242.) To the pile of his previously unpersuasive excuses, he adds that he relies on a refrigerator to store the insulin he uses to treat his diabetes. (ECF No. 242 at 4.) While the Court recognizes that a diabetic might find transience more difficult than most, there are numerous accommodations—a hotel, an Airbnb, a friend's or relative's house, even a mobile cooler—that provide access to refrigeration. As the Court alluded to in its prior Order, Gorokhovsky is not entitled to remain on the Mequon Property simply because leaving is inconvenient. If that were the case, his stay would last the rest of his life; few things are more inconvenient than a move. But, as the Court has explained on previous occasions, Gorokhovsky's dilatory tactics have already extended this litigation far beyond what is reasonable and must now come to an end. Because he cannot show any reasons justifying relief from the prior Order, his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gorokhovsky's motion for reconsideration (ECF No. 242) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Gorokhovsky's motion for leave to file sur-reply (ECF No. 246) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 8, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge